UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

TERRANCE PRATHER,

            Defendant.
_____

**DECISION AND ORDER**

6:26-mr-06001 EAW

Defendant Terrance Prather ("Defendant") is charged by criminal complaint filed on June 14, 2024, with possession with intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *United States v. Prather*, Case 6:24-mj-00563-MJP, Dkt. 1 (W.D.N.Y. June 14, 2024). The proceedings in connection with the criminal complaint are being handled by United States Magistrate Judge Mark W. Pedersen.

On September 26, 2025, counsel for Defendant filed a motion for a hearing to determine Defendant's mental competency pursuant to 18 U.S.C. § 4241(a). (*Id*. Dkt. 33). The motion was supported by a declaration from defense counsel (*id*. Dkt. 34; Dkt. 35), and it was not opposed by the government (*id*. Dkt. 36). Judge Pedersen issued an order on September 30, 2025, directing that Defendant undergo a psychiatric/psychological examination. (*Id*. Dkt. 37). A forensic evaluation dated December 18, 2025, was prepared (*id*. Dkt. 47), and the parties appeared before Judge Pedersen on January 12, 2026, for a competency hearing, at which time neither party contested the findings in the forensic

- 1 -

evaluation (*id.* Dkt. 45).  Judge Pedersen issued a written Report and Recommendation ("R&R") that same day, finding Defendant competent to stand trial.  (Dkt. 1).  No objections to the R&R were filed, and the time for filing any such objections has passed.

The Court is not convinced that the issue of Defendant's competency cannot be decided by a magistrate judge, especially under these circumstances where the magistrate judge is handling the criminal proceedings pursuant to a criminal complaint.  "[T]he authority of a magistrate judge to issue competency decisions with or without a referral order has not been addressed by the Second Circuit."  *United States v. Foltz*, No. 16-MJ-511, 2018 WL 2175554, at *3 n.1 (W.D.N.Y. May 9, 2018) (noting conflicting authority), *report and recommendation adopted*, 2018 WL 2192198 (W.D.N.Y. May 11, 2018).  But "[i]n light of the lack of guidance from the Second Circuit and in an abundance of caution," *id.*, the Court will also review the R&R *de novo*.

"The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).  Having reviewed the record, including the forensic evaluation, the Court finds no error, clear or otherwise, in the R&R.  Accordingly, the Court accepts and adopts the R&R and finds by a preponderance of the evidence that Defendant is <u>not</u> presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Thus, Defendant is competent to stand trial.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     February 27, 2026
               Rochester, New York